# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **RANEY SIMMONS (#164517),** | * |
| **Plaintiff,** | * |
| vs. | * CIVIL ACTION NO. 20-00169-TFM-B |
| **KEVIN HARRELSON**, *et al.*, | * |
| **Defendants.** | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] On March 20, 2020, Plaintiff, Raney Simmons, an Alabama prison inmate proceeding *pro se*, filed a complaint in this Court seeking relief under 42 U.S.C. § 1983. (Doc. 1). In an order dated March 26, 2020, the Court observed that, when Simmons initially filed this action, he did not pay the statutory filing fee, nor did he file a motion to proceed without prepayment of fees. (Doc. 3). Accordingly, Simmons was ordered to pay the filing fee by April 24, 2020, or, in lieu thereof, to file a motion to proceed without prepayment of fees by April 24, 2020. (Id.). He was cautioned that failure to timely comply with the Court's directives would result in a recommendation that this action be dismissed without prejudice. (Id.).

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

On April 6, 2020, Simmons's copy of the order was returned to the Court as undeliverable. (Doc. 4). The envelope indicated that Simmons had been moved to St. Clair Correctional Facility.[2] (Id.). Thus, the order was re-mailed to Simmons at his new address on April 7, 2020.[3]

In an order dated June 2, 2020, the Court observed that it had received no response from Simmons, that Simmons had not paid the requisite filing fee as instructed, that Simmons had not filed a motion for leave to proceed without prepayment of fees, that Simmons had not requested an extension of time within which to comply with the Court's order, and that the order had not been returned to the Court as undeliverable. (Doc. 5). The Court thus concluded that it appeared that Simmons had lost interest in the action. (Id.). The Court ordered Simmons to show cause by June 30, 2020, why the action should not be dismissed for failure to prosecute and failure to obey an Order of this Court. (Id.). Simmons was advised that failure to comply with the Court's order within the prescribed time would be considered by the Court an abandonment of the prosecution by Simmons and would result in a recommendation that this case be dismissed for failure to prosecute

---

[2] At the time that he filed the complaint, Simmons was incarcerated at Holman Correctional Facility. (Doc. 1). He failed to notify the Court of his change of address.

[3] The Alabama Department of Corrections website indicates that Simmons is still incarcerated at St. Clair Correctional Facility.

2

and failure to comply with the Court's directives, without further notice. (Id.).

To date, Simmons has filed no response to the Court's orders, nor has he paid the filing fee or filed a motion to proceed without prepayment of fees. Moreover, the Court's orders that were mailed to Simmons at St. Clair Correctional facility have not been returned to the Court, nor is there any other indication that the orders were not delivered to him.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscaping Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court

orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

Due to Simmons' failure to prosecute this action and failure to comply with the Court's orders to pay the filing fee or file a motion for leave to file without prepayment of fees, and upon consideration of the alternatives that are available to this Court, it is RECOMMENDED that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice.

If Simmons disputes the Court's finding of failure to pay the statutory filing fee or to file a motion to proceed without prepayment of fees and desires to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay the filing fee or failure to file a motion to proceed without prepayment of fees. Wilson v. Sargent, 414 F.3d 1315, 1320 (11th Cir. 2002)(citing to Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to

4

ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination

is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **July, 2020.**

                                             **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**