IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RANEY SIMMONS (#164517),** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )  CIV. ACT. 1:20-cv-0169-TFM-B |
| | ) |
| **KEVIN HARRELSON,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

On April 8, 2021, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 15. No objections were filed.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for

lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

This is not Plaintiff's first warning about the potential for his case to be dismissed for failure to prosecute and obey court orders. *See* Docs. 6, 7. After originally dismissing the case under Rule 41(b), the Court granted Plaintiff's motion for reconsideration and reinstated the case. *See* Docs. 9, 10. Despite getting a second chance at his case, Plaintiff failed to comply with the order to pay the partial filing fee. Therefore, on March 8, 2021, the Magistrate Judge again warned Plaintiff of the peril of his case that it may be dismissed for failure to prosecute and obey court orders. *See* Doc. 14. No response was filed. Even after the Report and Recommendation was entered, no objections were filed.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

**DONE** and **ORDERED** this 18th day of May, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE